GERALD J. MCMAHON
ATTORNEY AT LAW
THE STANDARD OIL BUILDING
26 BROADWAY, 18TH FLOOR
NEW YORK, NEW YORK 10004

(212) 797-1877 (TEL)
(212) 797-1419 (FAX)
gm@geraldjmcmahon.com (E-MAIL)

WEBSITE
www.geraldjmcmahon.com

LEGAL ASSISTANT
Cassandra Lapal Williams

November 18, 2015

By ECF & Hand

The Honorable Raymond J. Dearie
United States District Judge
United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

Re: United States v. Angelo Gigliotti, et al.,
    15 Cr. 204 (RJD)

Dear Judge Dearie:

Defendants submit this letter in response to the redacted report filed by the government on November 17, 2015 (dkt. no. 107) ("Report"). Because the Report leaves many questions unanswered and presents facts which are scarcely credible, the Court should order a hearing before deciding on a remedy for the improperly issued grand jury subpoenas.

The Claim That the Impropriety Was "Inadvertant and Unintentional" is Not Credible

In its Report, the government suggests (though it does not state explicitly) that the "offending language" was put on the subpoenas by "support staff" and then "missed by undersigned counsel". Report, at 3. We challenge that claim.

It stretches credulity to believe that a secretary or paralegal, on his or her own accord, would type, in capital letters, on a grand jury subpoena an unauthorized order of nondisclosure. Add to that the inherent unlikelihood of a federal prosecutor not reading a grand jury subpoena before he or she signs it. Finally, if the addition of the improper language was "inadvertent and unintentional", that fact could and should have been made known to the Court during oral argument on October 8, 2015 – the day after the Court issued an electronic order demanding a report concerning the issuance of the improper subpoenas.

If the government wants to minimize the sanction imposed for its issuance of unauthorized grand jury subpoenas, by claiming it was an accident, then it should be prepared

GERALD J. MCMAHON

The Honorable Raymond J. Dearie
United States District Judge
November 18, 2015
Page Two

to establish that fact at a hearing where the member(s) of the support staff who prepared the improper subpoena can testify and be subject to cross-examination. If the government wants to avoid a hearing, it can consent to suppression of evidence obtained pursuant to the tainted legal process.

**The Government Did Not Respond to the Court's Directive to Report on "[H]ow extensively this or similar language has been used in grand jury subpoenas by the United States Attorney's Office"**

The Order directing the government to produce the Report was not limited to the *Gigliotti* case. As the above-quoted language indicates, the Court wanted to know, and directed the government to state, "how extensively" the unauthorized language was used "by the United States Attorney's Office". We know from the Report that it was used five times in connection with the *Gigliotti* case. We know from oral argument on the motion that it was used in 2006. Transcript of Criminal Cause for Oral Argument, October 8, 2015, at 32-34. In deciding whether the impropriety was "inadvertent and unintentional" and in weighing the appropriate remedy, the Court should know how widespread the practice was.

Remedy

In addition to suppression of the evidence obtained pursuant to the unauthorized grand jury subpoenas, the government should also be directed to identify the four other recipients of subpoenas/notices which contained the improper language. If they are, like the Gigliottis' accountants, individuals or entities likely to be friendly with the defendants, that provides support for the argument that the nondiscloure orders were targeted, not accidental.

Very truly yours,

*/s/ Gerald J. McMahon*

Gerald J. McMahon

GJM:cw
All Counsel (by ecf)