UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
UNITED STATES OF AMERICA,

              - against -                        **MEMORANDUM & ORDER**

ANGELO GIGLIOTTI, ELEONORA                15 CR 204 (RJD)
GIGLIOTTI, GREGROIO GIGLIOTTI, and
FRANCO FAZIO,

              Defendants.
---------------------------------------------------------- x

DEARIE, District Judge

      Defendants Gregorio Gigliotti, his wife Eleonora Gigliotti, and their adult son Angelo Gigliotti are charged with, *inter alia*, conspiracy to import and importation of cocaine, in violation of 21 U.S.C. §§ 952(a), 960(a)(1), 960(b)(1)(B)(ii), and 963.  Indictment, ECF No. 45; Superseding Indictment, ECF No. 51.  The cocaine was allegedly stashed inside shipments of produce sent from Costa Rica to an import-export company owned by Gregorio.  See Mem. Law Supp. Pretrial Mots. 3, ECF No. 76 [hereinafter Defs.' Mem.].

      Defendants submit joint pretrial motions, seeking, *inter alia*, an order from the Court excluding evidence obtained by the government pursuant to grand jury subpoenas that instructed recipients not to disclose the existence of the subpoenas.  For the reasons discussed below, the Court denies defendants' motion to exclude such evidence.

## BACKGROUND

      Defendants Gregorio, Eleonora, and Angelo were indicted on April 22, 2015, on one count of conspiracy to import cocaine.  ECF No. 45.  A superseding indictment filed on May 6, 2015, added five more counts, including importation of cocaine, and added Gregorio's cousin, Franco Fazio, as a fourth defendant.  ECF No. 51.

On August 19, 2015, Gregorio, Eleonora, and Angelo filed joint pretrial motions, seeking, *inter alia*, an order from the Court "excluding all evidence obtained by the government through and on account of the blatantly improper use of grand-jury subpoenas." Defs.' Mem. 2. Defendants directed the Court's attention to a grand jury subpoena dated May 11, 2015, which was issued, in connection with this case, to accountants for Angelo. Id. at 25. The subpoena contains the following language (the "Non-Disclosure Language"):

> YOU ARE HEREBY DIRECTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA, AS IT MAY IMPEDE AN ONGOING INVESTIGATION.

Id. at Ex. 8.

On October 7, 2015, this Court directed the government to provide additional information regarding its use of grand jury subpoenas in this case and others. Specifically, this Court ordered the following:

> Given the defenses' persistent and understandable objections to language added to grand jury subpoenas, the Court orders the government to file a report detailing: (1) how extensively this or similar language has been used in grand jury subpoenas by the United States Attorney's Office, (2) what training or procedures the Office has initiated to review grand jury subpoenas, and (3) what steps the Office has taken to ensure that similar language is not used in the future, absent specific judicial authorization.

In response, the government submitted a partially-redacted letter dated November 6, 2015. ECF No. 107. First and foremost, the government acknowledged (as it had before[1]) that its use of the Non-Disclosure Language was improper. ECF No. 107. The government asserted that it is not the practice and policy of the United States Attorney's Office for the Eastern District

---

[1] The government also acknowledged in its opposition brief that the use of the Non-Disclosure Language was improper. See Government's Mem. Law Opp'n Defs.' Pretrial Mots. 29, ECF No. 95.

2

of New York (the "Office") to include such language in grand jury subpoenas to witnesses. Id. at 2. Rather, "Office and Departmental training instructs that non-disclosure may not be imposed on a grand jury witness absent statutory authority or judicial order." Id. at 4. The government stated that absent such legal authority, the Office's policy has been to include a request, not a command, for non-disclosure. Id. at 3.

Nevertheless, the government informed the Court that three of the thirty-eight grand jury subpoenas issued in connection with this case included the Non-Disclosure Language "in violation of [the Office's] practice and policy." Id. at 3-4. The government offered the curious representation to the Court that "[t]he inclusion of such language was inadvertent and unintentional," having been "missed by undersigned counsel when the subpoenas were finalized by support staff." Id. at 3.

The government stated that "in light of the error revealed by the present motion, the government has issued letters to the three recipients of the grand jury subpoenas in question notifying them of the error and advising them that they are under no legal obligation not to disclose their receipt or responses to the subpoenas." Id. at 3. The government also stated that following this Court's order dated October 7, 2015, the Office directed all Assistant United States Attorneys ("AUSAs") not to include requests for non-disclosure on the face of subpoenas. Id. Instead, such requests will now be made in a separate cover letter "[t]o avoid any appearance that such language carries with it judicial authority." Id.

## DISCUSSION

The government's improper directions to subpoena recipients are cause for serious concern. As the government acknowledges, Fed. R. Crim. P. 6(e)(2) imposes no obligation of secrecy on grand jury witnesses. See Fed. R. Crim. P. 6(e)(2)(A) ("No obligation of secrecy may

3

be imposed on any person except in accordance with Rule 6(e)(2)(B)."); Fed. R. Crim. P. 6(e)(2)(B) (not including witnesses among the list of persons bound by an obligation of secrecy). As the United States Supreme Court summarized in United States v. Sells Engineering, Inc., 463 U.S. 418 (1983),

> Rule 6(e) of the Federal Rules of Criminal Procedure codifies the traditional rule of grand jury secrecy. Paragraph 6(e)(2) provides that grand jurors, government attorneys and their assistants, and other personnel attached to the grand jury are forbidden to disclose matters occurring before the grand jury. Witnesses are not under the prohibition unless they also happen to fit into one of the enumerated classes.

Id. at 425. As these authorities make clear, it was improper for the government to include the Non-Disclosure Language in grand jury subpoenas issued to witnesses.

The question here, however, is whether the relief sought by defendants—the suppression of evidence—is an authorized and appropriate remedy. The Court finds that it is not.

Defendants rely primarily on two cases in arguing for suppression: United States v. Bryant, 655 F.3d 232 (3d Cir. 2011); and In re Grand Jury Proceedings (Diamante), 814 F.2d 61 (1st Cir. 1987). Neither case, however, nor any other authority identified by defendants or the Court, supports the use of such an extraordinary remedy.[2] Rather, the cases support the government's position that the remedy already undertaken—sending corrective letters to the recipients of the subpoenas in question—is sufficient.

In Diamante, a grand jury subpoena issued to a witness was accompanied by a letter, from one of the prosecutors in the case, stating the following:

> You are not to disclose the existence of this subpoena or the fact of your compliance for a period of 90 days from the date of the

---

[2] Fed. R. Crim. P. 6(e)(7) provides that a "knowing violation of Rule 6 . . . may be punished as a contempt of court," a remedy defendants do not seek here, but the Rule is silent as to suppression.

4

> subpoena. Any such disclosure could seriously impede the investigation being conducted and, thereby, interfere with the enforcement of the federal criminal law.

Diamante, 814 F.2d at 63-64. Despite finding that the government's practice of sending such letters violated Fed. R. Crim. P. 6(e)(2) and "impose[d] an impermissible burden on its recipients," the First Circuit ordered, as a remedy, only that the government contact the recipients of the letters and inform them that they were under no obligation of secrecy. Id. at 70.

Similarly, in Bryant, the government issued grand jury subpoenas to potential witnesses with the following language placed on the front of each subpoena:

> Disclosure of the nature and existence of this subpoena could obstruct and impede a criminal investigation into alleged violations of federal law. Therefore, the United States Attorney requests that you do not disclose the existence of this subpoena.

Bryant, 655 F.3d at 237-38. The Third Circuit found that the district court's remedy—ordering the government to send corrective letters to the subpoena recipients five months before trial—was sufficient, "[e]ven if there were witnesses . . . with the mistaken impression that they could not speak to the defense." Id. at 239.

The District of Connecticut addressed a similar situation, and reached a similar result, in United States v. Blumberg, No. 3:97-CR-119 (EBB), 1998 WL 136174 (D. Conn. Mar. 11, 1998). There, grand jury witnesses received letters from the United States Attorney's Office requesting that the witnesses not "disclose either the existence or contents of the subpoena, as such disclosure may impede a grand jury investigation, and, thereby, interfere with the enforcement of federal law." Id., at *1 (internal quotation marks omitted). In denying the defendants' motion to exclude the testimony of all persons who received this letter, the court reasoned as follows:

> [T]he relief sought is not supported by law. . . . The defendants ask the Court to take the extreme position that the testimony of all

5

> persons who received this letter from the U.S. Attorneys' Office be excluded, but fail to cite any support for such an order. . . . Since the defendant can cite no authority which requires that the government do more than it has already offered [*i.e.*, contact the witnesses and explain the error], even if the Court were to find a violation of Fed. R. Crim. P. 6(e)(2), the Court denies the defendant[s'] Motion to Exclude Testimony of Witnesses.

Id., at *1-2. The court relied, in part, on Diamante. See id., at *1.

Defendants argue that the government's misconduct here is more "egregious" than in Diamante, Bryant, and Blumberg—principally because here the government commanded, rather than requested, non-disclosure—and, as a result, a more severe remedy is warranted here than in the cited cases. See Defs.' Mem. 27; Reply Mem. Law Supp. Pretrial Mots. 7, ECF No. 99. The Court is not convinced. First, Diamante also involved a command, rather than a request, for non-disclosure. Although the language was included in a letter, rather than on the face of the subpoena, it conveyed the same message as the Non-Disclosure Language challenged here. As the court there stated, it "fail[ed] to see how a reasonable, law-abiding person who received such a letter would think anything other than that he was being told that he was legally obligated not to [disclose the existence of the subpoena or the fact of his compliance with it]." Diamante, 814 F.2d at 70. Second, while Bryant and Blumberg did involve requests, rather than commands, for non-disclosure, those courts found that contacting the witnesses and explaining the error was a sufficient remedy *even if* the requests were mistaken for commands or violated Fed. R. Crim. P. 6(e)(2). See Bryant, 655 F.3d at 239; Blumberg, 1998 WL 136174, at *2.

This Court finds the reasoning in Blumberg persuasive. Defendants have not identified, nor has the Court, any precedent for granting suppression under these facts, and the Court finds that suppression here is not supported by law and is not warranted.

The Court also emphasizes that the only feature of the subpoenas in question that defendants challenge is the Non-Disclosure Language.[3]  Defendants do not allege that the grand jury inquiry itself is improper, or that the information requests contained in the subpoenas are unlawful.  Thus, the evidence that defendants seek to suppress is not the product of the government's misconduct, and defendants' argument that "all evidence obtained as a result of [the government's misconduct] should be suppressed" is unavailing.  Defs.' Mem. 25.

Accordingly, defendants' motion is denied.

A word of caution, however, to the government.  This ruling is not meant to suggest that suppression, as drastic a remedy as it may be, or other significant sanctions, might not be available to a court should practices of this sort persist.  Indeed, now that the government is unambiguously on notice of this problem and the need to correct it, continued violations could well warrant severe remedies.

This admonition is triggered, in part, by the government's disappointing response to the Court's October 7, 2015, request for a delineation of the scope of this problem and the Office's plan to address it.  The Court takes little comfort in the fact that the Office's official policy conforms to Rule 6(e); such policy was violated multiple times here, and it is apparent that such violations are not isolated to this case.[4]  And the Court is, frankly, bemused by the government's rather glib explanation that the violations were simply "inadvertent and unintentional."

The Court's bigger concern, however, is that the Office has not yet taken adequate steps to prevent violations of this sort from happening again.  The Office's direction to all AUSAs that

---

[3]  Indeed, during an in camera examination of the three subpoenas, the Court saw no indication that they are otherwise vulnerable to attack.

[4]  Defense counsel represented to the Court during oral argument on October 8, 2015, that a similar incident occurred in one of his cases in 2006.  See Tr. Criminal Cause Oral Arg. 32-34, Oct. 8, 2015.

grand jury subpoenas no longer include, on their face, non-disclosure requests is a step in the right direction. But the government has yet to explain, in specific terms, how it will ensure compliance with its policy moving forward, and it has yet to reassure the Court that it has adequately conveyed the seriousness of this issue to all of its AUSAs. The government proceeds at its peril.

## CONCLUSION

For the reasons discussed above, the Court denies defendants' motion to exclude evidence obtained pursuant to grand jury subpoenas that included improper non-disclosure commands. While the government's improper directions to subpoena recipients are cause for serious concern, suppression of the evidence in question is not supported by law and is not warranted.

SO ORDERED.

Dated: Brooklyn, New York
December 23, 2015

/s/ Judge Raymond J. Dearie
_____
RAYMOND J. DEARIE
United States District Judge